DIMM v. CHECKER CAB CO.

(March 4, 1929. Opinion and Decree.)

Charles Rosen and Louis L. Rosen, of New Orleans, attorneys for plaintiff, appellee.

P. L. Fourchy, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. Plaintiff, while standing in the intersection of Magazine and Poydras Streets, waiting for a street car, was run into and injured by a backing taxicab. He sues for damages.

The defendant relies upon its plea of contributory negligence based upon the averment that plaintiff should not have been standing in the street in the path of the backing cab.

The case was tried before a jury in the Civil District Court and a judgment rendered in plaintiff's favor in the sum of $500.00. Defendant has appealed.

The accident occurred on Mardi Gras day, February 24, 1925. When plaintiff entered the street for the purpose of boarding the street car, the taxicab was parked along the curb some twenty or twenty-five feet distant, having discharged a passenger at that point. There were a number of other automobiles in front of the taxicab which prevented its forward movement, making it necessary for the driver to back his cab to get away from the parked cars. The driver of the taxicab claims that before starting to back he looked through the glass in the rear of his cab and saw no one. In doing so, however, he ran into plaintiff, knocked him down and injured his left foot.

Plaintiff was not negligent in standing in the street and waiting for the approaching street car. He was in the intersection, at the place customarily used by intending passengers for the purpose of signalling and boarding the cars. The taxicab was at rest when he entered the intersection with its rear towards him. He had every reason to assume that before attempting to back the driver of the taxicab would sound his horn, and give proper warning of his intention. The chauffeur should have made certain that the way was clear. Whether he saw plaintiff, or not, he should have seen him. No horn was blown or warning given.

"A pedestrian who, in crossing a street encounters an automobile standing at the curb towards which he is travelling may assume that it will not be moved backwards without some warning." Blashfield Encyclopedia of Automobile Laws, Vol. 2, page 1027.

Moreover the accident occurred at 11:00 a. m., on Mardi Gras day, when, as a matter of common knowledge, the streets and sidewalks of the City of New Orleans, particularly in the section where the accident occurred, are unusually congested by vehicular and pedestrian traffic, a situation requiring unusual care and skill in the operation of taxicabs.

We are of the opinion that the liability of defendant has been established.

Plaintiff's injuries were not severe, his foot was hurt, but no bones broken. He was compelled to use crutches for ten days, during which time his foot had been placed in a plaster cast. He incurred an expense of $40.00 for medical services and $7.50 hospital charges, and was com-

pelled to absent himself from his employment for two weeks.

It seems to us under the circumstances, that the award of the jury was somewhat excessive and should be reduced to the sum of $350.00.

For the reasons assigned the judgment appealed from is amended, by reducing the amount awarded plaintiff from $500.00 to $350.00, and as thus amended is affirmed.